IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BAXTER TISDALE, SR., ) | Civil Action No. 0:11-647-MBS-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WILLIAM NADRAMIA, INDIVIDUAL, UNDER ) | |
| COLOR; ) | **REPORT AND RECOMMENDATION** |
| CATHERINE F. RUNDLE, INDIVIDUAL, ) | |
| UNDER COLOR; AND ) | |
| WILLIAM BALDWIN, INDIVIDUAL, UNDER ) | |
| COLOR, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Baxter Tisdale, Sr., filed this action on March 11, 2011.[1] He appears to have brought this action pursuant to 42 U.S.C. § 1983 ("§ 1983"). Tisdale appears to allege constitutional violations as well as state law claims concerning his arrest and detention on sexual assault and burglary charges. Tisdale filed a motion for default judgment on June 13, 2011. Defendant William Nadramia ("Nadramia") filed a motion to dismiss, and Defendants Katherine Fernandez Rundle ("Rundle")[2] and William Baldwin ("Baldwin") filed a motion to dismiss on June 28, 2011. Because Plaintiff is proceeding pro se, he was advised on June 30, 2011, pursuant to Roseboro v. Garrison,

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(e) DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

[2] Defendant Rundle states that her name is incorrect in the caption of the case, and that her correct name is "Katherine Fernandez Rundle," not "Catherine F. Rundle." See Motion to Dismiss of Defendant Rundle and Baldwin at 1.

528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motions to dismiss could result in the dismissal of his complaint. Tisdale filed a response on August 1, 2011, and an amended response on October 25, 2011.

**MOTION FOR DEFAULT JUDGMENT**

On June 13, 2011, Tisdale filed a motion for entry of default judgment pursuant to Fed. R. Civ. P. 55. He asserts that Defendants have been served but have not answered. Tisdale did not provide the date(s) on which Defendants were served and has provided no supporting documentation showing that Defendants were served.

Defendants Rundle and Nadramia appear to have been served on June 7, 2011. See Docs. 16 and 17. Defendant Baldwin appears to have been served on June 6, 2011. See Doc. 38. Rule 12 provides that generally a defendant must serve a responsive pleading within twenty-one days after being served with the summons and complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i). Thus, Tisdale's motion for default was premature, as it was filed less than twenty-one days after Defendants were allegedly served.

Defendants Rundle and Nadramia timely filed their motions to dismiss on June 28, 2011(within twenty-one days of service).[3] See Docs. 28 and 29. Although Defendant Baldwin filed his motion to dismiss twenty-two days after he appears to have been served, this Court does not have personal jurisdiction over Baldwin, as discussed further below. Additionally, even if Tisdale can show that Defendant Baldwin is in default, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits. Reizakis

---

[3]When a motion to dismiss under Rule 12 is filed, the time for the responsive pleading is altered (if the court denies the motion to dismiss, "the responsive pleading must be served within 14 days after notice of the court's action"). Fed. R. Civ. P. 12(a)(4)(A).

v. Loy, 490 F.2d 1132 (4th Cir. 1974); Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969). Tisdale fails to show any prejudice from the alleged default. The court may also consider whether or not the moving party acted promptly, Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Co., 383 F.2d 249 (4th Cir. 1967) and whether or not the moving party has been disadvantaged by the error or neglect of his attorney. United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982). It is, therefore, recommended that Tisdale's motion for default be denied.

### FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF

Officer Nadramia, a member of the Miami-Dade County, Florida Police Department, secured an arrest warrant for the arrest of Tisdale for crimes allegedly committed in 1986. Florida State Attorney Rundle and Florida Assistant State Attorney Baldwin worked with Nadramia. Tisdale was arrested in Rock Hill, South Carolina by members of the York County (South Carolina) Sheriff's Department. Tisdale remained in the York County jail for fourteen days, was extradited to Florida where he spent sixteen months in pre-trial detention, and then the charges were dropped.

Before filing the present action, Tisdale filed an action in the United States District Court for the Southern District of Florida on February 11, 2011, against Nadramia, Rundle, and Baldwin (as well as other defendants) in which he complains of the same incidents and asserts similar claims. See Tisdale v. Nadramia, No. 11-20473-Civ-Moreno (S.D. Fla.), Ex. 1 to Nadramia's Motion to Dismiss.[4] The Southern District of Florida dismissed the action without prejudice for Tisdale's

---

[4]In filing this action, however, Tisdale answered "No" to the question: "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?" Complaint at 1.

3

failure[5] to serve timely the summons and complaint. See Order Dismissing Action without Prejudice dated June 27, 2011, Ex. 2 to Nadramia's Motion to Dismiss.

**MOTIONS TO DISMISS**

Tisdale appears to assert claims for violations of his constitutional rights as well as state law claims. He alleges that Defendants illegally secured a fugitive warrant without probable cause, falsely had him arrested, and falsely imprisoned him. Tisdale also claims he was defamed and suffered mental anguish. Tisdale requests one million dollars for each of his claims (false imprisonment, false arrest, defamation, and mental anguish) as well as ten million dollars in punitive damages. Defendant Nadramia contends that his motion to dismiss should be granted because: (1) this Court lacks personal jurisdiction over him because none of his acts occurred in the District of South Carolina; and (2) this Court is not the proper venue for this action. Defendants Rundle and Baldwin contend that their motion to dismiss should be granted because: (1) this Court is not the proper venue for this action; (2) this Court does not have personal jurisdiction over Rundle or Baldwin; (3) they are entitled to prosecutorial immunity; and (4) they are entitled to Eleventh Amendment immunity. Tisdale argues that this Court has proper venue and personal jurisdiction, and that Defendants Rundle and Baldwin are not entitled to prosecutorial immunity or Eleventh Amendment immunity.[6]

---

[5] Defendant Nadramia asserts that Tisdale's motion to proceed in forma pauperis in that case was denied, and that Tisdale did not proceed any further. Nadramia's Motion to Dismiss at 2.

[6] The bulk of Tisdale's arguments in opposition to the motions to dismiss concern the merits of this case and whether Defendants had probable cause for their actions. Although Defendants Rundle and Baldwin submit that this action should also be dismissed on other grounds, including failure to state a claim and qualified immunity, they do not specifically address these issues in their motion to dismiss. Although Defendant Nadramia appears to assert that Tisdale's arrest was
(continued...)

4

1.      12(b)(6) Standard of Review

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice

---

[6](...continued)
supported by probable cause, he does not specifically address this issue in his motion to dismiss. Thus, the undersigned will not address these arguments at this time and instead addresses the issues raised in the motions to dismiss.

if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

2. Personal Jurisdiction

Defendants, all residents of Florida, contend that this Court lacks personal jurisdiction over them such that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). They argue that they have never purposefully established sufficient minimum contacts with the State of South Carolina. Tisdale appears to argue that Defendants had sufficient minimum contacts because they took steps to have a fugitive warrant issued and took steps to have the warrant executed in South Carolina.

When a defendant files a motion to dismiss under Fed.R.Civ.P. 12(b)(2), challenging the court's personal jurisdiction, the jurisdictional question is one for the judge and the plaintiff has the burden of showing that jurisdiction exists. See In re Celotex Corp.,124 F.3d 619, 628 (4th Cir.1997). When a court addresses the issue of jurisdiction on the basis of pleadings and supporting legal memoranda without an evidentiary hearing, "the burden on the plaintiff is simply to make a prima facie showing of a jurisdictional basis in order to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 675 (4th Cir. 1989). In deciding such a motion, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. at 676.

Federal Rule of Civil Procedure 4(e), by its own title ("Serving an Individual Within a Judicial District of the United States"), suggests that persons outside a given judicial district cannot be brought into that district court. Fed. R. Civ. P. 4(e). For personal jurisdiction to exist over a non-resident defendant, jurisdiction must be (i) authorized by the state's long-arm statute, and (ii)

it must not violate the principles of due process. Fed. Ins. Co. v. Lake Shore, Inc., 886 F.2d 654, 657 n. 2 (4th Cir. 1989).

Tisdale argues that this Court has personal jurisdiction under South Carolina's long-arm statute because Defendants used the York County Sheriff's Office as their agents to have him arrested. Under the applicable South Carolina long arm statute, S.C.Code Ann. § 36-2-803 ("Personal jurisdiction based upon conduct"), nonresidents of South Carolina may be served and subjected to state court jurisdiction only where certain limited types of facts are presented in a case.[7] Tisdale has not alleged any such facts. See Ray v. Simon, No. 4:07-1143-TLW-TER, 2008 WL 5412067 (D.S.C. Dec. 24, 2008)(South Carolina district court did not have personal jurisdiction over New Jersey officials who allegedly filed various forms and made multiple telephone calls to South Carolina which were incidental to executing the plaintiff's extradition to New Jersey); see also Bennett v. City of Cocoa Police Dep't., No. 6:07-3469-PMD, 2007 WL 4125082 (D.S.C. Nov. 19,

---

[7]This statute provides, in part:
(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:
    (1) transacting any business in this State;
    (2) contracting to supply services or things in the State;
    (3) commission of a tortious act in whole or in part in this State;
    (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;
    (5) having an interest in, using, or possessing real property in this State;
    (6) contracting to insure any person, property, or risk located within this State at the time of contracting;
    (7) entry into a contract to be performed in whole or in part by either party in this State; or
    (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.
S.C. Code Ann. § 36-2-803(A).

2007)(plaintiff sought to have Florida charges and detainer removed from his record, District of South Carolina transferred case to Florida noting it lacked personal jurisdiction over Cocoa, Florida Police Department and Titusville, Florida Clerk of Court); but see Lee v. City of Los Angeles, 250 F.3d 668, 693 (9th Cir. 2001)(finding purposeful availment where two of the defendants, New York police officers, entered information into the NCIC database and then had extensive contact with California authorities, including visiting California).

3. Venue

Defendants argue that this action should be dismissed for improper venue, because all of the events involving Defendants occurred in Florida. Tisdale appears to argue that he is not forum shopping and that venue is proper in this Court because he suffered his injuries here.

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. When a 12(b)(3) motion to dismiss is filed, the plaintiff then bears the burden to "establish that venue is proper in the judicial district in which the plaintiff has brought the action." Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C.1996); see Bartholomew v. Va. Chiropractors Ass'n, Inc., 612 F.2d 812, 816 (4th Cir.1979), overruled on other grounds by Ratino v. Med. Serv. of D.C., 718 F.2d 1260 (4th Cir.1983). When considering a motion to dismiss for improper venue, a court must accept the facts alleged in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. Micromuse, Inc. v. Aprisma Mgmt. Tech., Inc., No. 05 Civ. 0894, 2005 WL 1241924, at *4 (S.D.N.Y. May 24, 2005)

In general, venue is proper and a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, a substantial part of the events or omissions giving rise to Tisdale's claims occurred in Florida, not South Carolina.

   4.   Prosecutorial Immunity

Defendants Rundle and Baldwin contend that they are entitled to prosecutorial immunity because they were functioning in their roles as advocates concerning Tisdale's arrest, extradition, and attempt to prosecute. Tisdale argues that these Defendants are not entitled to prosecutorial immunity.

A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor is entitled to absolute immunity for claims that rest on his decisions regarding "whether and when to prosecute." Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir.1996)(quoting Imbler, 424 U.S. at 431 n. 33); see also Ehrlich v. Giuliani, 910 F.2d 1220 (4th Cir.1990). "The decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function." McGruder v. Necaise, 733 F.2d 1146 (5th Cir.1984) (offer to drop criminal charges in exchange for pretrial detainee's decision to drop civil rights suit; held, immunized). To the extent that Tisdale alleges that Defendants Rundle and Baldwin violated his constitutional rights in prosecuting him (including initiating and/or refusing to dismiss charges against him), they are entitled to prosecutorial immunity.

9

5. <u>Immunity</u>

Defendants Rundle and Baldwin contend that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

<u>Id.</u> at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. <u>Id.</u> at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendants Rundle and Baldwin are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

**CONCLUSION**

Based on review of the record, it is recommended that Plaintiff's motion for default judgment (Doc. 15) be **denied**, Defendant Nadramia's motion to dismiss (Doc. 28) be **granted**; and the motion to dismiss of Defendants Baldwin and Rundle (Doc. 29) be **granted**.[8]

Joseph R. McCrorey
United States Magistrate Judge

February 7, 2012
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[8]When a plaintiff files an action in the wrong venue, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. The choice to transfer or dismiss a case afforded by 28 U.S.C. § 1406(a) lies within the sound discretion of the district court. See Quinn v. Watson, 145 F. App'x. 799 (4th Cir. 2005); Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993) (citations omitted). Although the undersigned recommends that this action be dismissed, it is alternatively recommended that this action be transferred to the Southern District of Florida.

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).