IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Baxter Tisdale, Sr., )<br><br>                    Plaintiff, )<br><br>        vs. )<br><br>William Nadramia, individual, under )<br>color; Catherine F. Rundle, individual, )<br>under color; and William Baldwin, )<br>individual, under color, )<br><br>                    Defendants. )<br>_____ ) | C/A No. 3:11-647-MBS<br><br><br>**OPINION AND ORDER** |

On March 17, 2011, Plaintiff Baxter Tisdale, Sr., proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights incident to an arrest that took place in York County, South Carolina. Plaintiff also asserts state law tort claims for false imprisonment and defamation. Defendant Nadramia is a member of the Miami-Dade County, Florida Police Department. Defendant Rundle is Florida State Attorney, and Defendant Baldwin is an Assistant State Attorney. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation.

On June 13, 2011, Plaintiff filed a motion for default judgment as to all Defendants. ECF No. 15. Defendant Nadramia filed a motion to dismiss on June 28, 2011. ECF No. 28. Defendants Rundle and Baldwin also filed a motion to dismiss on June 28, 2011. ECF No. 29. By order filed June 30, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On August 1, 2011, as amended October 25, 2011, Plaintiff filed a response in

opposition to Defendants' motions.

On February 7, 2012, the Magistrate Judge issued a report and recommendation in which he determined that Plaintiff's motion for default judgment was filed prematurely, and should be denied. The Magistrate Judge further determined that the court lacks personal jurisdiction over Defendants, and that venue is proper in Florida rather than South Carolina. The Magistrate Judge further noted that Defendants Rundle and Baldwin are entitled to absolute prosecutorial immunity and Eleventh Amendment immunity in their official capacities. Accordingly, the Magistrate Judge recommended that Defendants' motions to dismiss be granted. Plaintiff filed objections to the Report and Recommendation on February 14, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are discussed in the Report and Recommendation. Briefly, Plaintiff contends that Defendants secured an illegal fugitive warrant and executed it in York County, South Carolina, where Plaintiff resides. Plaintiff contends that Defendants lacked probable cause, and that the arrest caused Plaintiff to be incarcerated in York County for fourteen days, after which time he was extradited to Florida and held in pre-trial detention for sixteen months before the charges were dropped.

## II. DISCUSSION

A.    Default Judgment

As an initial matter, the court notes that Plaintiff does not object to the Magistrate Judge's recommendation that Plaintiff's motion for default judgment was premature.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  The Magistrate Judge noted that Defendant Baldwin was served on June 6, 2011.  Defendants Nadramia and Rundle was served on June 7, 2011.  Thus, Defendant Baldwin had until June 27, 2011 to file a response to the complaint.  Defendants Nadramia and Rundle had until June 28, 2011 to file responses to the complaint.  See Fed. R. Civ. P. 12(a).  Defendants filed motions to dismiss on June 28, 2011.  See Fed. R. Civ. P. 12(b).  Although Defendant Baldwin may technically have been in default by one day, the court agrees with the Magistrate Judge that the policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits.  See Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974).

B.    Personal Jurisdiction

Plaintiff appears to object to the Magistrate Judge's determination that the court lacks personal jurisdiction over Defendants.  Plaintiff contends that the court may exercise jurisdiction because of Defendants' commission of a tortious act in whole or in part in South Carolina.  Plaintiff states that defamation and false arrest are tortious acts that injured him in South Carolina.

Where, as here, the district court addresses the question of personal jurisdiction on the basis of motion papers, supporting legal memoranda, and the allegations in the complaint, the plaintiff

3

bears the burden making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge. Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 276 (4th Cir. 2009) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989)).  A federal district court may exercise personal jurisdiction over a nonresident only if such jurisdiction is authorized by the long-arm statute of the state in which it sits and application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment.  Id. at 277.

Under the long-arm statute, section 36-2-803, a court may exercise personal jurisdiction over an individual acting directly or through an agent for causes of action arising from the individual's: (1) transacting any business in this State; (2) contracting to supply services or things in the State; (3) commission of a tortious act in whole or in part in this State; (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; (5) having an interest in, using, or possessing real property in this State; (6) contracting to insure any person, property, or risk located within this State at the time of contracting; (7) entry into a contract to be performed in whole or in part by either party in this State; or (8) production, manufacture, distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed. Traditionally, South Carolina courts have conducted a two-step analysis to determine whether specific jurisdiction is proper by (1) determining if the long arm statute applies, and (2) determining whether the nonresident's contacts in South Carolina are sufficient to satisfy due process requirements.  Cribb, 676 S.E.2d at 701 (citing Power Prods. & Servs. Co. v. Kozma, 665 S.E.2d 660, 664 (S.C. Ct. App. 2008)).  Due process requires a defendant possess minimum contacts with

4

the forum state such that maintenance of suit does not offend traditional notions of fair play and substantial justice. Id. (citing Coggeshall v. Reproductive Endocrine Assoc., 655 S.E.2d 475, 478 (S.C. 2007)). Further, the due process requirement mandates the defendant possess sufficient minimum contacts with the forum state such that he could reasonably anticipate being hailed into court there. Id. (citing Power Prods., 665 S.E.2d at 665).

South Carolina courts apply a two-pronged analysis when determining whether a defendant possesses minimum contacts with the forum state such that maintenance of suit does not offend traditional notions of fair play and substantial justice. The court must (1) find that the defendant has the requisite minimum contacts with the forum, without which, the court does not have the power to adjudicate the action, and (2) find the exercise of jurisdiction is reasonable or fair. To support a finding of due process, both prongs must be satisfied. Id. (citing Power Prods., 665 S.E.2d at 665).

To satisfy the minimum contacts prong, the court must find that the defendant directed his activities to residents of South Carolina and that the cause of action arises out of or relates to those activities. Id. (citing Moosally v. W.W. Norton & Co., 594 S.E.2d 878, 884 (S.C. Ct. App. 2004). Under Moosally, there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. The "purposeful availment" requirement ensures that a defendant will not be hailed into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. 594 S.E.2d at 884-85.

Under the fairness prong, the court must consider the following factors: (1) the duration of the defendant's activity in this State; (2) the character and circumstances of its acts; (3) the inconvenience to the parties by conferring or refusing to confer jurisdiction over the nonresident; and (4) the State's interest in exercising jurisdiction. Cribb v. Spatholt, 676 S.E.2d at 711 (citing State

5

v. NV Sumatra Tobacco Trading, Co., 666 S.E.2d 218, 223 (S.C. 2008)).

Plaintiff contended in his response to Defendants' motions that Defendant Nadramia commissioned the York County Sheriff's Department to act as his agent on his behalf and on behalf of the Miami-Dade Police Department.  Plaintiff also asserted that Defendant Nadramia created a substantial connection with South Carolina by (1) directing his actions toward South Carolina and (1) invoking the benefits and protections of the laws of South Carolina by virtue of the extradition treaty between South Carolina and Florida and commissioning the York County Sheriff's Department to act on his behalf.  Relying on Ray v. Simon, No. 4:07-1143-TLW-TER, 2008 WL 5412067 (D.S.C. Dec. 24, 2008), and Bennett v. City of Cocoa Police Dep't, No. 607-3469-PMD, 2007 WL 4125082 (D.S.C. Nov. 19, 2007), the Magistrate Judge determined that Defendant Nadramia's conduct did not fall under the long-arm statute.

Assuming for purposes of argument that the long-arm statute applies, and that Defendants committed a tortious act in whole or in part in this State, the court concludes that due process prohibits the exercise of personal jurisdiction.  Defendants' contacts with South Carolina, if any, were incidental to executing the fugitive warrant and extraditing Plaintiff to Florida.  No Defendant entered South Carolina.  Their contact with South Carolina was attenuated in that Defendants merely obtained the services of the York County Sheriff's Department to execute a fugitive warrant.  Defendants lack minimum contacts with South Carolina such that maintenance of suit would offend traditional notions of fair play and substantial justice.  The court concludes that it lacks personal jurisdiction over Defendants.

C.      Venue

Plaintiff contends that the Magistrate Judge erred in determining that venue is proper in

Florida. Plaintiff argues that, contrary to the Magistrate Judge's conclusion, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in South Carolina, not Florida. The court disagrees.

> Under 28 U.S.C. § 1931(b), a civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this case, the events or omissions giving rise to Plaintiff's claim occurred in Florida. The investigation was conducted in Florida and the warrant was issued in Florida. The alleged wrongdoing by Defendants took place in Florida. Although Plaintiff may have suffered consequences in South Carolina, the court agrees that Florida is the proper venue under § 1931(b)(2).

D.     Prosecutorial Immunity and Eleventh Amendment Immunity

Plaintiff objects to the Magistrate Judge's determination that Defendants Rundle and Baldwin are entitled to prosecutorial immunity and Eleventh Amendment immunity. Having determined that the court lacks personal jurisdiction over Defendants and that venue is proper in Florida, the court declines to reach these issues.

7

III.  CONCLUSION

For the reasons stated, Plaintiff's motion for default judgment (ECF No. 15) is **denied**. Defendants' motions to dismiss (ECF Nos. 28, 29) on the grounds of lack of personal jurisdiction and improper venue are **granted** and the case dismissed, without prejudice.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
Chief United States District Judge


Columbia, South Carolina

March 5, 2012.